JUDGE CASTEL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

SUZANNE CRUISE CREATIVE SERVICES,
INC., a Kansas corporation, THE CLEVER
FACTORY, INC., a Tennessee corporation,
and LAURIE COOK, an individual,

                  Plaintiffs,

           -v-

BARRINGTON STUDIOS LTD, a New
Hampshire corporation, ANTHONY
SPERANDEO, an individual, GEORGE
LENCSAK, an individual, SHOPKO STORES
OPERATING CO., LLC, a Wisconsin
corporation, FRED MEYER STORES, an
Oregon corporation, and Does 1-20,

                  Defendants.

------------------------------------------------------X

**CIVIL ACTION**

Index No.:

**COMPLAINT
(JURY DEMAND)**

       Plaintiffs Suzanne Cruise Creative Services, Inc. ("Cruise"), The Clever Factory,

Inc. ("Clever Factory"), and Laurie Cook ("Cook") (hereinafter collectively referred to as

"Plaintiffs"), by and through their undersigned attorneys The Law Offices of Tedd S.

Levine, LLC, allege as follows:

## PARTIES

      1.      Plaintiff Cruise is a corporation organized and existing under the laws of

the State of Kansas having its principal place of business at 7199 W. 98th Terrace, Suite

110, Overland Park, Kansas, 66212.

2.      Plaintiff Clever Factory is a corporation duly organized under the laws of Tennessee having its principal place of business located at 545 Mainstream Drive, Suite 101, Nashville, TN 37228.

3.      Plaintiff Cook is an individual residing at 1885 Sunnydale, Simi Valley, California 93065.

4.      Upon information and belief, defendant Barrington Studios Ltd. (hereinafter "Barrington") is a corporation organized and existing under the laws of the State of New Hampshire having its principal place of business at 54 Technology Way, Nashua, New Hampshire 03060.

5.      Upon information and belief, defendant Anthony Sperandeo ("Sperandeo") is an individual having his principal business address located at 54 Technology Way, Nashua, New Hampshire 03060.

6.      Upon information and belief, defendant George Lencsak ("Lencsak") is an individual having his principal business address located at 54 Technology Way, Nashua, New Hampshire 03060.

7.      Upon information and belief, defendant Shopko Stores Operating Co., LLC (hereinafter "Shopko") is a corporation organized and existing under the laws of the State of Wisconsin having its principal place of business at 700 Pilgrim Way, Green Bay, WI 54304.

8.      Upon information and belief, defendant Fred Meyer Stores (hereinafter "Fred Meyer") is a corporation organized and existing under the laws of the State of Oregon having its principal place of business at 3800 SE 22nd, Portland, OR 97202.

9. Does 1-20 are individuals and business entities whose complete identities are presently unknown to plaintiffs, and, upon information and belief, were and continue to be involved with claims described in this Complaint. When the identities of these parties become known to plaintiff, those defendants and the acts they engaged in will be described in an amended complaint.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action on the following bases:

   a. Under 28 U.S.C. § 1331, since this action involves questions arising under 15 U.S.C. §1116, 15 U.S.C. §1117, and 15 U.S.C. §1125(a);

   b. Under 28 U.S.C. § 1331, since this action involves questions arising under 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 503, 17 U.S.C. § 504 and 17 U.S.C. § 505;

   c. Under 28 U.S.C. § 1332, since this action being between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

   d. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction.

11. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) and (c), since a substantial part of the events giving rise to Plaintiffs' claims

occurred in the Southern District of New York and defendants conduct business in this jurisdiction purposefully availing itself of the benefits herein.

12.    The Southern District of New York has personal jurisdiction over defendants.

## NATURE OF THE ACTION

13.    This action arises under (i) 17 U.S.C. § 501, copyright infringement, (ii) under the Lanham Act, 15 U.S.C. §1125(a), false designation of origin, false descriptions, dilution, and unfair competition, and (iii) under New York State and the Common Law for substantial and related claims.

## FACTS

14.    Cook is the creator and copyright owner of the images entitled "Transglobal Santas 2003", "CPS Santas 2000", "Paper Magic Santas 2000", and "Paper Magic Santas 1999" (hereinafter collectively referred to as the "Works"). Each of the Works were registered with the United States Copyright Office (*see* EXHIBIT A) as follows:

| Title of work | Registration Number | Date of Registration |
|---|---|---|
| "Transglobal Santas 2003" | VA0001655443 | 12/17/2008 |
| "CPS Santas 2000" | VA0001655444 | 12/17/2008 |
| "Paper Magic Santas 2000" | VA0001655446 | 12/17/2008 |
| "Paper Magic Santas 1999" | VA0001655447 | 12/17/2008 |

15.     The Copyrights are in full force and effect and are owned exclusively by Cook.

16.     Cruise is Cook's exclusive licensing agent.  Cook contractually granted Cruise the right to bring an action against third parties that infringe Cook's rights in and to the Works asserting any and all claims that Cook may have, in Cruise's name and/or Cook's name.

17.     Exclusive rights and interests in and to the work entitled Santa w/ Snowflakes a/k/a Paper Magic Santas 1999 (the "Clever Factory Licensed Work") were licensed to Clever Factory on December 1, 2007 for use in connection with Gift bags and boxed cards.   Clever Factory has been granted the right to bring an action against third parties, in Clever Factory's name.

18.     In or about May 22, 2006, the owner of Cruise, namely Suzanne Cruise, met with Kristine Burleigh and Kitt Wichman of Barrington at the Jacob K. Javits Convention Center located in New York City during the Surtex and Stationery trade shows.  At that time, Cruise showed Barrington the Works and offered it an opportunity to license the rights to use such images in connection with the manufacture, sale and promotion of gift bags, storage boxes, boxed cards, and other like products.   It was this initial meeting and presentation of the Works to Barrington that gave rise to Barrington's infringement of the Works.

19.     Upon information and belief, Barrington, through its representatives, regularly conduct business in New York, attending various trade shows and meetings to secure artwork for exploitation and to solicit sales of its products from customers.

5

20.    Upon information and belief, Barrington regularly conducts business in New York to obtain goods from overseas manufacturers. To that end, upon information and belief, Barrington regularly utilizes the port of New York to receive international shipments of product and has entered into at least one agreement with a New York based company to coordinate such shipments.

21.    Upon information and belief, Barrington regularly sells and ships its products to companies in New York.

22.    Shopko controls and operates an interactive website that allows, *inter alia*, Shopko to accept customer orders and payments online and, to communicate with such customers such that shipments of product can be made to such customers. Accordingly, upon information and belief, Shopko regularly accepts orders form customers in New York, and ships products directly to such customers.

23.    Fred Meyer controls and operates an interactive website that allows, *inter alia*, Fred Meyer to accept customer orders and payments online and, to communicate with such customers such that shipments of product can be made to such customers. Accordingly, upon information and belief, Fred Meyer regularly accepts orders form customers in New York, and ships products directly to such customers.

24.    Barrington never entered into a license with Cook and/or Cruise to use the Works.

25.    During 2007 and 2008 Barrington, upon information and belief, willfully, with bad faith intent to profit, and without the consent of Plaintiffs, copied the Works and, upon information and belief, actually profited there from. Substantial similarity

exists between the images used by Barrington without the consent of Plaintiffs and the protected elements of the Works.

26. Upon information and belief, Barrington first shipped products using the Works on August 25, 2007.

27. Barrington manufactured, sold and, upon information and belief, is continuing to sell products that use works that are substantially similar to or otherwise the same as the Works.

28. In or about 2007 and 2008 Shopko purchased from Barrington products that use works that are substantially similar to or otherwise the same as the Works and, upon information and belief, sold and continue to sell such products despite Barrington being notified to cease and desist such wrongful activity.

29. In or about 2007 Fred Meyer purchased from Barrington products that use works that are substantially similar to or otherwise the same as the Works and, upon information and belief, sold and continue to sell such products despite Barrington being notified to cease and desist such wrongful activity.

30. Due to the exclusive and widespread use by Cook and her licensees of the Works in connection with non-functional design features of a wide range of products, including gift bags and storage boxes, the trade dress in such products has acquired enormous value and recognition in the United States.   Such trade dress is well known to the consuming public and the trade as identifying and distinguishing Cook as the exclusive and unique source of the products that are used in connection with such trade dress.

31.     The trade dress in the products that use the Works acquired distinctiveness through secondary meaning such that consumers are likely to associate the source of such products with Cook. The trade dress in such products includes the unique style of the artist and images being displayed. Additionally, the trade dress includes the packaging that displays the Works. These characteristics are non-functional, have acquired secondary meaning, and defendants' use of such features in connection with the sale of their products is likely to cause confusion in the marketplace as to the source of such goods.

32.     Barrington, upon information and belief, willfully, with bad faith intent to profit, and without the consent of Plaintiffs, trafficked in and continue to traffic in, used and continue to use, in this judicial district and elsewhere, trade dress that is misleading, confusingly similar, and likely to cause confusion with the Plaintiff's trade dress in their products.

33.     Shopko and Fred Meyer, upon information and belief, without the consent of Plaintiffs, trafficked in and continue to traffic in, used and continue to use, in this judicial district and elsewhere, trade dress that is misleading, confusingly similar, and likely to cause confusion with the Plaintiff's trade dress in their products.

34.     In or about November 2008, Cruise initially became aware of Barrington promoting and selling products that use the Works and Plaintiffs' trade dress.

35.     In or about November 2008, Barrington was sent a letter setting forth in sufficient detail the nature of the infringements; such letter demanded, *inter alia*, that Barrington immediately cease and desist from selling all Barrington products that use the Works and Plaintiffs' trade dress. Barrington, nevertheless, continued such wrongful

activity after receiving such notification and, upon information and belief, continues to willfully, with bad faith intent to profit, and without the consent of Plaintiffs, traffick in and use, in this judicial district and elsewhere, the Works in connection with gift bags and storage boxes in violation of United States copyright and trademark laws.

36.    Despite being notified of its wrongful activity, Barrington continued to allow its customers to sell the infringement products.

37.    As a result of Barrington manufacturing and selling products using the Works and Plaintiffs' trade dress, Plaintiffs lost sales and continues to lose sales of its products.

38.    Defendants Sperandeo, and Lencsak are each contributory infringers of the Works and Plaintiffs' trade dress since they each (1) had and continue to have knowledge of a Barrington's infringing activity in the Works and Plaintiffs' trade dress, and (2) induced, caused, and materially contributed to said infringing conduct of Barrington.

## COUNT I- COPYRIGHT
## INFRINGEMENT (17 U.S.C. § 501)

39.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 38 above as if fully set forth herein.

40.    Defendants' use of the Works constitutes infringement pursuant to 17 U.S.C. § 501.

41.    Such conduct on the part of defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

42.     Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount not less than $600,000.

## COUNT II - FALSE DESIGNATION
## OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

43.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 42 hereof as if fully set forth herein.

44.     Defendants' use of Plaintiff's trade dress constitutes the use of false or misleading designations of origin and/or false representations of fact in violation of 15 U.S.C. § 1125(a), in that such conduct is likely to cause consumers to be confused, mistaken or deceived into believing that the offending products originate with, or are sponsored by Plaintiff, and/or defendants are authorized licensees, distributors or retailers of Plaintiff.

45.     Such conduct on the part of the defendants has caused and will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

46.     Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount not less than $600,000.

## COUNT III - COMMON LAW
## TRADE DRESS INFRINGEMENT

47.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 46 hereof as if fully set forth herein.

10

48. By reason of the foregoing, the defendants have engaged, and are continuing to engage, in acts of trade dress infringement in violation of the common law.

49. Such conduct on the part of the defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

50. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs cause damages in an amount not less than $600,000.

## COUNT IV - COMMON LAW
## UNFAIR COMPETITION

51. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 50 hereof as if fully set forth herein.

52. By reason of the foregoing, the defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law.

53. Such conduct on the part of defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

54. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount not less than $600,000.

## COUNT V - N.Y. GENERAL
## BUSINESS LAW § 360-1

55. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 54 hereof as if fully set forth herein.

56.     Defendants' activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiffs, and to dilute the distinctive quality of their trade dress and all rights held there under, in violation of the General Business Law of the State of New York.

57.     Such conduct on the part of the defendants has violated and is continuing to violate Section 360-1 of the New York General Business Law.

58.     Such conduct on the part of the defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

59.     Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount not less than $600,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment:

1.     Permanently enjoining and restraining Barrington, its officers, directors, principals, servants, employees, customers, successors and assigns, and all those in active concert or participation with them, including, but not limited to Sperandeo, Lencsak, Shopko, and Fred Meyer from:

(a)     imitating, copying or making unauthorized use of the Works;

(b)     using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any work that is a simulation, reproduction, copy, or colorable imitation of any of the Works;

12

(c)　　engaging in any other activity, including the effectuation of assignments or transfers of their interests in simulations, reproductions, copies, counterfeits or colorable imitations of the Works, as well as the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(a) and 1(b) above;

(d)　　imitating, copying or making unauthorized use of any of Plaintiffs' trade dress, including its trade dress in its products using the Works;

(e)　　using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress that is a simulation, reproduction, copy, or colorable imitation of any of the trade dress in its products;

(f)　　using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress that tends to relate or connect such trade dress in any way to Plaintiffs, or to any products sponsored, approved by, or connected with Plaintiffs;

(g)　　using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress which serves to dilute, or tends to dilute, Plaintiffs' images, Plaintiffs trade dress in its products that use the Works, or reputations or the distinctive quality of any of plaintiffs' trade dress;

(h)　　making any statement or representation whatsoever, with respect to Plaintiffs' trade dress in its products that use the Works, that falsely designates the origin of products or is false or misleading in any way;

13

(i)     engaging in any other activity constituting unfair competition with regard to the Plaintiffs , and/or Plaintiffs' trade dress in its Products using the Works, or constituting an infringement of any of Plaintiffs' trade dress, or of Plaintiffs' rights in, or its right to use or exploit, such trade dress, or constituting any dilution of Plaintiffs' trade dress in its products using the Works, and the reputation and the goodwill associated with Plaintiffs' trade dress in its products using the Works; and

(j)     engaging in any other activity, including the effectuation of assignments or transfers of their interests in simulations, reproductions, copies, counterfeits or colorable imitations of any of Plaintiffs' trade dress in its products using the Works, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(d) through 1(i) above.

2.      Directing such other relief as the Court may deem appropriate to prevent the unauthorized use of Plaintiffs' works, including the Copyrights.

3.      Directing that defendants deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in their possession, custody or control bearing Plaintiffs' trade dress in its products using the Works, including all patterns, plates, molds, matrices and other means of making such simulations of Plaintiffs' trade dress in its products using the Works.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product offered for sale, sold or otherwise circulated or promoted by defendants is authorized by

Plaintiffs, or related to or associated in any way with Plaintiffs' trade dress in its products using the Works.

5.     Requiring defendants to account and pay over to Plaintiffs all profits realized by (a) their infringement and counterfeiting of Plaintiffs' trade dress in its products using the Works, and (b) their false designation of origin or false representations of fact in an amount not less than $600,000, and that these illicit profits be trebled since they were generated willfully by defendants.

6.     Entering judgment against the defendants, upon Plaintiffs' election, for the maximum amount of statutory damages permitted for each type or style of counterfeit product using the Works, which defendants applied to each product in willful violation of Plaintiffs' rights.

7.     Requiring defendants to account and pay over to Plaintiffs all profits realized by their infringement and counterfeiting of the Works in an amount not less than $600,000, and that these illicit profits be trebled since defendants generated them willfully.

8.     Awarding Plaintiffs damages representing three times the amount of Plaintiffs' actual damages incurred by reason of the facts and occurrences alleged herein.

8.     Awarding Plaintiffs consequential and other damages to be determined.

9.     Awarding Plaintiffs its costs and reasonable attorneys', expert witness, and investigating fees, together with pre-judgment interest.

15

10.   Awarding Plaintiffs such other and further relief as the Court may

deem just and proper.


Dated: Garden City, New York
     May 21, 2010

             Respectfully submitted,

             **THE LAW OFFICES OF TEDD S. LEVINE, LLC**
             Attorneys for Plaintiffs

             By:_____
               Tedd S. Levine, Esq. (TL 0158)
               1010 Franklin Avenue
               2nd Floor
               Garden City, NY 11530
               (516) 294-6852

# Exhibit A



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = cOOK lAURIE
Search Results: Displaying 8 of 14 entries



*Transglobal Santas 2003.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001655443 / 2008-12-17 |
| **Application Title:** | Transglobal Santas 2003. |
| **Title:** | Transglobal Santas 2003. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Laurie Cook. Address: 1885 Sunnydale Ave, Simi Valley, CA, 93065. |
| **Date of Creation:** | 2003 |
| **Date of Publication:** | 2003-10-31 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Laurie Cook; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Rights and Permissions:** | Laurie Cook, 1885 Sunnydale Ave, Simi Valley, CA, 93065 |
| **Names:** | Cook, Laurie |



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format  Full Record    - | Format for Print/Save |
| Enter your email address: | Email |

Help    Search    History    Titles    Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = cOOK lAURIE
Search Results: Displaying 1 of 14 entries



*CPS Santas 2000.*

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001655444 / 2008-12-17 |
| **Application Title:** | CPS Santas 2000. |
| **Title:** | CPS Santas 2000. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Laurie Cook. Address: 1885 Sunnydale Ave, Simi Valley, CA, 93065. |
| **Date of Creation:** | 2000 |
| **Date of Publication:** | 2000-10-31 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Laurie Cook; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Rights and Permissions:** | Laurie Cook, 1885 Sunnydale Ave, Simi Valley, CA, 93065 |
| **Names:** | Cook, Laurie |



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format  Full Record | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = cOOK lAURIE
Search Results: Displaying 7 of 14 entries



*Paper Magic Santas 2000.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001655446 / 2008-12-17 |
| **Application Title:** | Paper Magic Santas 2000. |
| **Title:** | Paper Magic Santas 2000. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Laurie Cook. Address: 1885 Sunnydale Ave, Simi Valley, CA, 93065. |
| **Date of Creation:** | 2000 |
| **Date of Publication:** | 2000-10-31 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Laurie Cook; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Rights and Permissions:** | Laurie Cook, 1885 Sunnydale Ave, Simi Valley, CA, 93065 |
| **Names:** | Cook, Laurie |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format  Full Record | Format for Print/Save | |
| Enter your email address: | Email | |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = cOOK lAURIE
Search Results: Displaying 6 of 14 entries



*Paper Magic Santas 1999.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001655447 / 2008-12-17 |
| **Application Title:** | Paper Magic Santas 1999. |
| **Title:** | Paper Magic Santas 1999. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Laurie Cook. Address: 1885 Sunnydale Ave, Simi Valley, CA, 93065. |
| **Date of Creation:** | 1999 |
| **Date of Publication:** | 1999-10-31 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Laurie Cook; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Names:** | Cook, Laurie |



| Save, Print and Email (Help Page) |
|---|
| Select Download Format  Full Record      Format for Print/Save |
| Enter your email address:                          Email |

---

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page