## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SUZANNE CRUISE CREATIVE SERVICES,
INC., a Kansas corporation, and LAURIE
COOK, an individual,

        Plaintiffs,

    -v-

BARRINGTON STUDIOS LTD, a New
Hampshire corporation, ANTHONY
SPERANDEO, an individual, GEORGE
LENCSAK, an individual, SHOPKO STORES
OPERATING CO., LLC, a Delaware Limited
Liability Company, FRED MEYER STORES,
INC., a Delaware corporation, WAL-MART
STORES, INC., a Delaware corporation, CVS
CAREMARK CORPORATION, a Delaware
corporation, DOLLAR GENERAL
CORPORATION, a Tennessee corporation,
DOLLAR TREE, INC., a Virginia corporation,
BIG LOTS, INC., a Delaware corporation, and
Does 1-20,

        Defendants.

CIVIL ACTION

Index No:  10-cv-4293 (DLC)

**ECF Filed**

## DEFENDANT DOLLAR GENERAL CORPORATION'S
## ANSWER TO FIRST AMENDED COMPLAINT

    Defendant Dollar General Corporation ("Dollar General" or "Defendant"), by and

through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and

hereby answers each of the numbered paragraphs of the First Amended Complaint (Dkt. No. 40).

## THE PARTIES

    1.    Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations of this paragraph and therefore denies them.

2.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

3.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

4.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

5.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

6.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

7.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

9.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

10.     Defendant admits the allegations contained in this paragraph.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

## JURISDICTION AND VENUE

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is required.

## NATURE OF THE CASE

17.     Paragraph 17 of the Complaint contains conclusions of law to which no response is required.

## FACTS

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

27.     Defendant admits that Suzanne Cruise contacted Dollar General in or about December 2008 and that Dollar General identified the source of the goods identified by Ms. Cruise as Defendant Barrington.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

34.     Defendant denies that it purchased products from Barrington.  Defendant affirmatively states, however, that in 2007 and/or 2008, Defendant's subsidiary, Dolgencorp, LLC, purchased certain products from Barrington.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

47.     Defendant admits that it maintains an interactive website but states that it does not specifically market to New York.  Further, Defendant does not accept orders for products or services through its website.  Defendant affirmatively states, however, that its subsidiary, Dolgencorp of New York, Inc., operates retail Dollar General stores in the State of New York. Except as expressly admitted, Defendant denies the allegations in Paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

50.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

53.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

55.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

56.     Defendant denies that it purchased the products identified in the Complaint from Barrington.  Defendant affirmatively states, however, that in 2007 and/or 2008, Dollar General's subsidiary, Dolgencorp, LLC, purchased certain product from Barrington and subsequently sold or disposed of those products.  Defendant further affirmatively states that Cruise specifically allowed Defendant, through its subsidiary, to sell through its inventory of the product purchased from Barrington.  Other than as affirmatively stated or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 56 and therefore denies them.

57.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

- 7 -

58.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

60.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

61.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

62.     Defendant denies the allegations in Paragraph 62 pertaining to Dollar General and states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph pertaining to the other defendants, and therefore denies them.

63.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

65.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

## COUNT I – COPYRIGHT INFRINGEMENT

68.     Defendant restates its answers to paragraphs 1 through 67 as if more fully set forth herein.

69.     Defendant denies the allegations in this paragraph.

70.     Defendant denies the allegations in this paragraph.

71.     Defendant denies the allegations in this paragraph.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

72.     Defendant restates its answers to paragraphs 1 through 71 as if more fully set forth herein.

73.     This Count is not directed toward Defendant and therefore no answer is required or made.

74.     This Count is not directed toward Defendant and therefore no answer is required or made.

75.     This Count is not directed toward Defendant and therefore no answer is required or made.

76.     This Count is not directed toward Defendant and therefore no answer is required or made.

77.     This Count is not directed toward Defendant and therefore no answer is required or made.

## COUNT III – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

78.     Defendant restates its answers to paragraphs 1 through 77 as if more fully set forth herein.

79.     Defendant denies the allegations in this paragraph.

80.     Defendant denies the allegations in this paragraph.

81.     Defendant denies the allegations in this paragraph.

## COUNT IV – COMMON LAW TRADE DRESS INFRINGEMENT

82.     Defendant restates its answers to paragraphs 1 through 81 as if more fully set forth herein.

83.     Defendant denies the allegations in this paragraph.

84.     Defendant denies the allegations in this paragraph.

85.     Defendant denies the allegations in this paragraph.

## COUNT V– COMMON LAW UNFAIR COMPETITION

86.     Defendant restates its answers to paragraphs 1 through 85 as if more fully set forth herein.

87.     Defendant denies the allegations in this paragraph.

88.     Defendant denies the allegations in this paragraph.

89.     Defendant denies the allegations in this paragraph.

## <u>COUNT VI – N.Y. GENERAL BUSINESS LAW § 360-1</u>

90.     Defendant restates its answers to paragraphs 1 through 89 as if more fully set forth herein.

91.     Defendant denies the allegations in this paragraph.

92.     Defendant denies the allegations in this paragraph.

93.     Defendant denies the allegations in this paragraph.

94.     Defendant denies the allegations in this paragraph.

*               *               *

Defendant denies all other allegations not otherwise specifically addressed in its Answer.

## <u>RESPONSE TO PRAYER FOR RELIEF</u>

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant alleges and asserts the following defenses in response to the allegations of Plaintiffs' Complaint, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendant reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery.

### <u>First Affirmative Defense</u>

Plaintiffs' claims, in whole or in part, individually and collectively, fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs are barred from asserting their claims, in whole or in part, under the doctrine of unclean hands.

**Third Affirmative Defense**

Plaintiffs are barred from asserting their claims, in whole or in part, under the doctrine of laches.

**Fourth Affirmative Defense**

Plaintiffs are barred from asserting their claims, in whole or in part, under the doctrine of waiver.

**Fifth Affirmative Defense**

Plaintiffs are barred from asserting their claims, in whole or in part, under the doctrine of acquiescence.

**Sixth Affirmative Defense**

Plaintiffs are barred from asserting their claims, in whole or in part, under the doctrine of estoppel.

**Seventh Affirmative Defense**

Plaintiffs have sustained no injury in fact or damages caused by any act of Defendant.

**Eighth Affirmative Defense**

Plaintiffs' alleged claims are barred to the extent the applicable statutes of limitations and limitations on damages have elapsed.

**Ninth Affirmative Defense**

Plaintiffs have failed to mitigate their damages, if any, and to the extent of their failure to mitigate, any damages awarded to Plaintiffs should be reduced accordingly.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by Plaintiffs' failure to perform all conditions, covenants and promises required by them to be performed in accordance with the terms and conditions of the license at issue.

### Eleventh Affirmative Defense

Defendant acted in good faith at all times, and any alleged infringement that occurred, which Defendant continues to deny, was done innocently and without knowledge or intent.

### Twelfth Affirmative Defense

Plaintiffs' claims are subject to the defense of license, or in the alternative, to the defense of implied license.

### Thirteenth Affirmative Defense

Plaintiffs are barred from asserting their claims, in whole or in part, because they have engaged in copyright misuse.

### Fourteenth Affirmative Defense

Plaintiffs lack standing to bring each and every claim asserted in the Complaint.

### Fifteenth Affirmative Defense

Plaintiffs' claims asserted under state law are preempted by applicable federal law.

### Sixteenth Affirmative Defense

Plaintiffs' claims, in whole or in part, are barred because any use by the Defendant of the Works, if any, was a non-trademark use.

### Additional Defenses

Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

- 13 -

## **<u>PRAYER</u>**

Defendant prays for the following relief:

1)  That judgment be entered against Plaintiffs on each and every count of the Complaint and on all relief sought by Plaintiffs;

2)  That Defendant be awarded its costs and reasonable attorneys' fees in defense of this action;

3)  For such other and further relief as this Court deems fair and just.

DATED this the 9th day of February, 2011.

 s/ Kristina Mentone_____
Kristina Mentone (KM 1184)
Email: kmentone@reedsmith.com
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Counsel for Defendants Barrington Studios Ltd.,
George Lencsak, Shopko Stores Operating Co.,
LLC, Fred Meyer Stores, Inc., and Dollar
General Corporation*